UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TONY D. JACKSON,

Petitioner,

v.

JAMES H. BRUTON, Warden,

Respondent.

Civil No. 01-1761 (DSD/ESS)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner, a prisoner of the State of Minnesota incarcerated at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he being is confined in violation of his rights under the U.S. Constitution.

Respondent will be required to make a return in writing, certifying the true cause of Petitioner's confinement and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondent's recommendation as to whether an evidentiary hearing should be conducted in this matter; and

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if the petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any

FILED 10-29-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

other written materials that may be germane to the issues presented in the petition.

Respondent's return should specifically address the issue of whether all of Petitioner's current constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided.

Petitioner has requested an "extension of time to submitt [sic] a memorandum of law or brief" in support of his petition. (Docket No. 3.) That request will be granted, and Petitioner will be given until November 21, 2001, to file a memorandum or brief in support of his petition. Petitioner must serve a copy of any such memorandum or brief on Respondent, simultaneously with the filing of the original memorandum or brief. Because Petitioner is being given additional time to file a supporting memorandum or brief, Respondent will not have to file a return to the petition until December 21, 2001.

Petitioner has also filed an "Application To Proceed Without Prepayment Of Fees," (Docket No. 5), by which he seeks leave to proceed in forma pauperis ("IFP") in this matter. Based on the financial information provided by the IFP application, it appears to the Court that Petitioner is eligible for IFP status. The IFP application will therefore be GRANTED.

Petitioner has filed a motion for appointment of counsel, (Docket No. 2), which must also be addressed. Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity

of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues in this case are so complex as to warrant appointment of counsel at this time. It appears to the Court that Petitioner has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court finds that appointment of counsel would not substantially benefit the Court or Petitioner. Petitioner's request for counsel will therefore be DENIED at this time.

Finally, Petitioner has filed a "motion for oral argument." (Docket No. 4.) That motion will be denied, as the Court finds no need for oral arguments in this matter at this time. If it should hereafter appear to the Court that oral arguments might be useful, the Court will then contact the parties and set a time and place for such arguments to be presented.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's "Motion For Exstension [sic] Of Time To Submitt [sic] A Memorandum Of Law Or Brief," (Docket No. 3), is GRANTED, and Petitioner is given until November 21, 2001, to file a memorandum or brief in support of his petition.

2. If Petitioner elects to file a memorandum or brief in support of his petition, he shall simultaneously serve a copy of such memorandum or brief on Respondent.

3. Respondent shall file a written return to the petition, consistent with the terms of this order, by no later than December 21, 2001.

4. Petitioner's "Application To Proceed Without Prepayment Of Fees," (Docket No. 5), is GRANTED.

5. Petitioner's "Motion For Appointment Of Counsel," (Docket No. 2), is DENIED.

6. Petitioner's "Motion For Oral Argument," (Docket 4), is DENIED.

Dated: October 26, 2001

E.S. SWEARINGEN,
United States Magistrate Judge