UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TONY D. JACKSON,

Petitioner,

v.

JAMES H. BRUTON, Warden,

Respondent.

Civil No. 01-1761 (DSD/SRN)

**ORDER**

This habeas corpus action is presently before the Court for rulings on four motions that have been filed by Petitioner. (Docket Nos. 12, 14, 15 and 16.) For the reasons discussed below, three of Petitioner's pending motions will be denied, and the fourth motion will be granted in part and denied in part.

1. "Motion For Granting Petitioner An Oral Argument"

The first motion to be considered is one entitled "Motion For Granting Petitioner An Oral Argument," (Docket No. 12), in which Petitioner is requesting an opportunity to review certain "newly-discovered documents" and present oral argument pertaining to those documents. Petitioner evidently believes that the so-called "newly-discovered documents" will show (a) that he received ineffective assistance of counsel and/or (b) that some type of prosecutorial misconduct occurred in this case. However, Petitioner has not raised any ineffective assistance or prosecutorial misconduct claims in his current petition. Furthermore, he cannot amend his petition to add any new claims based on new evidence, because he obviously has not exhausted his state court remedies with respect to any such new claims, as required by 28 U.S.C. § 2254(b).

JUN 2 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

If Petitioner wants to pursue the new evidence alluded to in his motion, and if he wants to challenge his convictions and/or sentence based on such new evidence, he will have to ask the Court to allow him to dismiss his current petition without prejudice, and then return to the state courts and present his new claims there.[1] Because Petitioner must first develop and present his new evidence and new claims in the state courts before presenting them here, his motion for an oral hearing on those matters will be denied.

2. "Motion To Compel Respondent To Fully Comply With Court Order of Oct-29-2001"

In his next motion, (Docket No. 14), Petitioner seeks an order that would compel Respondent to provide certain materials from the state court record that were not included in Respondent's return. The only specific items described in the motion are (1) the State's briefs to the Minnesota Supreme Court on Petitioner's direct appeal and post-conviction appeal, and (2) the transcript from Petitioner's trial. The Court will not order Respondent to submit those materials at this time, because Petitioner has not shown that they are needed to resolve any of the claims listed in his current petition.

Respondent's state court appellate briefs certainly do not appear to be relevant to any of the issues presented here.[2] And Petitioner has also failed to explain why the state

---

[1] Petitioner is reminded that the statute of limitations, (28 U.S.C. § 2244(d)), is not tolled while his present petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001). The statute of limitations might be tolled for some period of time if Petitioner truly has some new claim based on new and previously undiscoverable evidence, (see § 2244(d)(1)(D)); but Petitioner should, at the very least, carefully consider the potential statute of limitations issues that he could face in the future if he now elects to return to the state courts to exhaust any new claims.

[2] Furthermore, Petitioner himself has already filed at least one of the briefs that he is seeking; a copy of Respondent's brief to the Minnesota Supreme Court is attached to his

trial transcript must be reviewed in order to resolve any of the claims raised in his petition. He argues that the transcript is needed "in order to substantiate Petitioner's refuting of Respondent's claim that Petitioner received a full and fair sentencing hearing." The Court notes, however, that Respondent's return does include a copy of the transcript from the sentencing hearing. Petitioner has not explained why his sentencing claim cannot be resolved based on that transcript alone.

Because Petitioner has not shown that any additional state court records are required to resolve his current habeas corpus claims, Respondent will not be compelled to supplement the record at this time. If it later appears that additional materials are needed to decide this case, the Court will then direct Respondent to file a supplemental return. For now, Petitioner's motion seeking to expand the return will be denied.

3. "Motion For Expansion Of Record To Allow Inclusion Of Newly Discovered Evidence"

Petitioner has filed another motion, entitled "Motion For Expansion Of Record To Allow Inclusion Of Newly Discovered Evidence," (Docket No. 15), in which he asks the Court to accept and consider certain documents attached to the motion as an "Appendix." The documents attached to Petitioner's motion were filed with the Court upon the filing of the motion itself. To the extent that Petitioner is simply asking to have those documents included in the record, and considered by the Court, his motion will be granted. However, to the extent that Petitioner may be attempting to present those documents in support of some new claim or argument not raised in his original petition, the motion will be denied.

---

"Motion For Expansion Of The Record," (Docket No. 15), as "Appendix 20-24."

As discussed above, if Petitioner wants to raise some new claim(s), he will have to seek a voluntary dismissal of his present petition, and then return to the state courts so he can exhaust his state court remedies with respect to such new claim(s).

4. "Motion Asking The Court To Compel Oak Park Heights Prison To Provide Space For [Petitioner's] Legal Material"

In his final pending motion, (Docket No. 16), Petitioner is asking the Court to compel his prison custodians to give him some additional storage space for certain legal papers that he allegedly needs in order to prosecute his current habeas petition. This motion will be denied because Petitioner has not shown that he has any particular need for, or any legal right to have, more storage space for his papers.

This case has already been fully briefed and it is now ripe for a final decision on the claims raised in the petition, and it therefore appears to the Court that Petitioner should have no need for any additional storage space at this time. Petitioner has not shown that the storage space limits imposed by state prison officials are illegal or unreasonable, or that such limits will prevent him from effectively litigating his present habeas corpus claims. See Cody v. Weber, 256 F.3d 764, 769 (8th Cir. 2001) (storage space limits for prisoner legal papers will be upheld in the absence of some showing of specific injury or prejudice). Petitioner's motion seeking additional storage space will therefore be denied.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's "Motion For Granting Petitioner An Oral Argument," (Docket No. 12), is DENIED;

2. Petitioner's "Motion To Compel Respondent To Fully Comply With Court Order of Oct-29-2001," (Docket No. 14), is DENIED;

3. Petitioner's "Motion For Expansion Of Record To Allow Inclusion Of Newly Discovered Evidence," (Docket No. 15), is GRANTED to the extent that Petitioner is asking that the documents attached to his motion be filed and considered by the Court, but the motion is DENIED to the extent that Petitioner may be relying on the attached papers to support any new claim for relief; and

4. Petitioner's "Motion Asking The Court To Compel Oak Park Heights Prison To Provide Space For His Legal Material," (Docket No. 16), is DENIED.

Dated: June 26, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge