Tony DeJuan Jackson,

       Petitioner,

v.                                   **ORDER**

James Bruton, Sued as
James H. Bruton, Warden,

       Respondent.


This matter is before the court upon the pro se motion for relief from a final judgment or order by petitioner Tony DeJuan Jackson. The background of this matter is fully set out in previous orders, and the court only recites those facts necessary to the disposition of the instant motion. In 1998, Jackson was convicted by a jury in Washington County, Minnesota for first degree criminal sexual conduct, first degree burglary, second degree assault and false imprisonment. He is currently serving a 230-month term of imprisonment. On September 25, 2001, Jackson filed a petition for habeas corpus under 28 U.S.C. § 2254. Among his claims, Jackson argued that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), which was decided after his conviction and sentence became final. On September 27, 2002, the court denied the petition because Apprendi is not retroactive to cases on collateral review. See United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001). On November 16, 2010, Jackson moved for reconsideration under Rule 60(b)(6).

A court may grant relief under Rule 60(b) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b). As an initial matter, the instant motion is delayed over eight years. Such delay is not reasonable and, therefore denial is warranted. Moreover, Jackson seeks to challenge the validity of his state sentence, which is the essence of a § 2254 habeas petition. Artful pleading of a habeas claim under Rule 60(b)(6) does not excuse Jackson from the prohibition on successive § 2254 petitions without permission of the court of appeals. See 28 U.S.C. § 2244(3); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Jackson has not received permission from the court of appeals for the instant motion, and therefore, for this additional reason, denial is warranted.[1]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion for relief from a judgment or order [ECF No. 34] is denied; and

---

[1] Jackson's motion also fails on the merits. Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2320 (2009) does not give the court the power to review a state court's exercise of discretion over state postconviction relief. Further, this court has held that neither Apprendi nor Blakely apply retroactively on collateral review: the application of Teague v. Lane, 489 U.S. 288 (1989), by the state court was correct.

2.  As to its view that the motion is a successive § 2254 petition, the court denies a certificate of appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court